UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MURAD WILLIAMS,

Petitioner,

v.

THOMAS BIRKETT,

Respondent,
_______________________________/

Civil No. 2:07-CV-15376
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

OPINION AND ORDER ON REMAND GRANTING PETITIONER'S MOTION FOR EQUITABLE TOLLING, DENYING RESPONDENT'S ORIGINAL MOTION TO DISMISS ON STATUTE OF LIMITATIONS GROUNDS, AND AGAIN GRANTING PETITIONER AN UNCONDITIONAL WRIT OF HABEAS CORPUS

This matter is before the Court on remand from the United States Court of Appeals for the Sixth Circuit to determine whether petitioner is entitled to equitable tolling of the one year statute of limitations for habeas petitions found in 28 U.S.C. § 2244(d)(1).

The Court has reviewed the original *pro se* motion for equitable tolling that was filed by petitioner on December 13, 2007, the supplemental brief requesting equitable tolling of the statute of limitations that was filed on petitioner's behalf by attorneys Natasha Webster and Loren Khogali of the Federal Defenders' Office, and respondent's supplemental brief opposing the application of equitable tolling. For the reasons that follow, the Court finds that petitioner is entitled to equitable tolling of the limitations period contained in 28 U.S.C. § 2244(d)(1), rendering his habeas petition timely. The Court will again grant petitioner an unconditional writ

of habeas corpus on the terms and conditions set in its original order of February 26, 2010.

## I. Background

Petitioner pleaded guilty to one count of unarmed robbery in the Wayne County Circuit Court. On March 12, 2004, petitioner was sentenced to two years probation under the Holmes Youthful Trainee Act, along with ninety to one hundred and twenty days of bootcamp.

On May 3, 2004, petitioner was re-sentenced to one to fifteen years in prison for violating the terms of his probation. At the conclusion of sentencing, the trial judge advised petitioner of his appellate rights. However, at the end of the soliloquy, the trial judge stated to petitioner's counsel: "You have 42 days in which to notify the court you wish to appeal, counsel. Is there anything else?" (Tr. 5/3/2004, p. 18).

Petitioner requested the appointment of appellate counsel on September 1, 2005. On November 28, 2005, petitioner's appellate counsel filed a motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.* The trial court denied the motion. *People v. Williams,* No. 03-11896 (Third Circuit Court, January 23, 2006). The Michigan Court of Appeals subsquently denied petitioner's application for leave to appeal. *People v. Williams,* No. 268119 (Mich.Ct.App. August 2, 2006). On December 13, 2006, the Michigan Supreme Court denied petitioner's

application for leave to appeal the denial of his post-conviction motion. *People v. Williams,* 477 Mich. 968; 724 N.W. 2d 468 (2006).

While petitioner's first post-conviction motion was pending in the state courts, petitioner filed a second motion for relief from judgment *pro se* in the state courts. Although M.C.R. 6.502(G)(1) requires that a court shall return without filing any successive motions for relief from judgment unless the motion comes within one of the exceptions for filing a successive motion contained in M.C.R. 6.502(G)(2), the Wayne County Circuit Court accepted petitioner's second motion for relief from judgment for filing on June 19, 2006. [1] The trial judge sent a letter to petitioner in which she rejected the motion on the ground that petitioner had already filed a previous motion for relief from judgment and was precluded under M.C.R. 6.502(G) from filing a second or successive motion for relief from judgment. The trial judge, however, also signed a separate order in which she denied the second motion. *People v. Williams,* No. 03-11896 (Third Circuit Court, September 29, 2006). On October 26, 2007, the Michigan Court of Appeals dismissed petitioner's appeal, because petitioner was precluded under M.C.R. 6.502(G)(1) from appealing the denial of a second motion for relief from judgment. *People v. Williams,* No. 280735 (Mich.Ct.App. October 26, 2007).

---

[1] *See People v. Williams,* No. 03-11896 (Third Circuit Court), Reg. Of Actions, p. 3 [this Court's Dkt. Entry # 12-2].

Petitioner did not file an application for leave to appeal to the Michigan Supreme Court. [2]

Petitioner signed and dated his petition for writ of habeas corpus December 13, 2007. [3]

Respondent filed a motion to dismiss the petition on the ground that the application for writ of habeas corpus was barred by the statute of limitations found in 28 U.S.C. § 2244(d)(1). On August 26, 2008, this Court denied the motion to dismiss, finding that the petition had been timely filed. This Court specifically found the petition to be timely on the ground that petitioner's second motion for relief from judgment was a properly filed post-conviction application that tolled the limitations period pursuant to 28 U.S.C. § 2244(d)(2). The Court also ordered respondent to file an answer to the petition. On September 29, 2008, respondent filed an answer to the petition. On December 30, 2008, this Court referred this case to Magistrate Judge R. Steven Whalen for a report and recommendation.

---

[2] *See* Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court, dated March 17, 2008.

[3] Under the prison mailbox rule, a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts. *Hudson v. Martin,* 68 F. Supp. 2d 798, 799, fn. 2 (E.D. Mich. 1999). Absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas petition to prison officials on the date he signed it, for the purposes of the AEDPA's one year limitations period. *Id.* Because the instant petition was signed and dated December 13, 2007, the Court finds that the petition was filed with the Court on that date.

On August 25, 2009, Magistrate Judge Whalen issued a Report and Recommendation (R & R) that the petition for writ of habeas corpus should be granted. *See Williams v. Birkett*, 2009 WL 2923058 (E.D.Mich. August 25, 2009). After the respondent filed objections to the R & R, this Court adopted in part the report and recommendation and ordered an evidentiary hearing. The Court also appointed counsel to represent petitioner. *Williams v. Birkett*, 2009 WL 2923053 (E.D.Mich. September 10, 2009).

An evidentiary hearing was conducted before this Court on February 2, 2010. On February 26, 2010, this Court granted an unconditional writ of habeas corpus to petitioner, finding that petitioner had been constructively denied the assistance of counsel at his probation revocation hearing on his unarmed robbery conviction. *See Williams v. Birkett*, 697 F. Supp.2d 716 (E.D. Mich. 2010).

The Sixth Circuit vacated this Court's February 26, 2010 decision, holding that this Court erred in finding that the petition had been filed within the limitations period. Specifically, the Sixth Circuit ruled that petitioner's second motion for relief from judgment was not a properly filed application for post-conviction relief that would toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). The case was remanded to this Court to determine whether the statute of limitations should be equitably tolled. *Williams v. Birkett,* 670 F. 3d 729 (6th Cir. 2012).

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *Holloway v. Jones,* 166 F. Supp. 2d 1185, 1188 (E.D. Mich. 2001).

Petitioner did not file a direct appeal from the sentence that he received on May 3, 2004 for the revocation of his probation. The judgment for the revocation of his probation became final on May 3, 2005, for the purposes of § 2244(d)(1)(A), one year after petitioner's probation was revoked, when the time

limit for filing a direct appeal in the Michigan Court of Appeals expired pursuant to M.C.R. 7.205(F)(3). *See Williams v. Birkett,* 670 F. 3d at 731. Petitioner had until May 3, 2006 to timely file a petition for writ of habeas corpus with this Court, unless the limitations period was somehow tolled.

Petitioner filed his first post-conviction motion for relief from judgment on November 28, 2005, after two hundred and nine days had elapsed under the statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001). A post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it "has acheived final resolution through the state's post-conviction procedures." *Carey v. Safford,* 536 U.S. 214, 220 (2002).

Respondent contended in his original motion to dismiss that statutory tolling of the limitations period ended on December 13, 2006, when the Michigan Supreme Court denied petitioner's first post-conviction motion. Under respondent's calculation, petitioner had only two hundred and thirty nine days from this date, or until July 30, 2007, to timely file his petition for writ of habeas corpus in this Court. Because the petition was not filed until December 13, 2007, respondent argued that the instant petition is untimely.

This Court rejected respondent's argument, ruling that petitioner's second post-conviction motion for relief from judgment tolled the limitations period, even if it was barred under M.C.R. 6.502 (G)(1). *See Williams v. Birkett,* U.S.D.C. No. 07-15376, Slip. Op. at * 5-6 (E.D. Mich. August 26, 2008)(citing *Brown v. Burt,* 224 F. Supp. 2d 1152, 1155-56 (E.D. Mich. 2002); *Palmer v. Carlton,* 276 F. 3d 77, 7797 (6th Cir. 2002)). This Court concluded that the limitations period in this case was tolled until at least October 26, 2007, when the Michigan Court of Appeals dismissed petitioner's second post-conviction appeal. Petitioner had one hundred and fifty six days from this date to file his petition with this Court. Because petitioner filed his habeas petition some forty eight days later on December 13, 2007, this Court concluded that the instant petition was timely filed.

The Sixth Circuit has now concluded that petitioner's second motion for relief from judgment did not toll the limitations period. The case has been remanded back to this Court for a determination of whether petitioner is entitled to equitable tolling of the limitations period.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562

(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Although "courts of equity must be governed by rules and precedents no less than courts of law[.]," the Supreme Court has emphasized that the exercise of a court's equity powers must often be done "on a case-by-case basis." *Id.* at 2563 (internal quotations omitted). The flexibility that is inherent in equitable procedure enables a court to meet new situations that demand equitable intervention, and to accord all relief that is necessary to correct particular injustices. *Id.* Although courts of equity exercise their judgment in light of prior precedent, they do so "with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.*

The Sixth Circuit has held that five factors should be used to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:

> (1) the petitioner's lack of notice of the filing requirement;
> (2) the petitioner's lack of constructive knowledge of the filing requirement;
> (3) diligence in pursuing one's rights;
> (4) absence of prejudice to the respondent; and,
> (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States,* 250 F. 3d 1001, 1008 (6th Cir. 2001).

In the present case, petitioner has demonstrated that he is entitled to equitable tolling of the limitations period. The specific circumstances of

petitioner's situation mandate the equitable tolling of the limitations period to correct an injustice in this case. Several factors support equitable tolling of the limitations period in this case.

First and most important, petitioner suffers from a learning disability and had been a special education student since the first grade. At birth, petitioner was born addicted to drugs. Petitioner was treated at Northland Clinic in Detroit from December 8, 1992 through June 15, 1993. His diagnosis at the time of admission was for an Impulse Control Disorder. At the time of his state post-conviction proceedings and the filing of his habeas petition, petitioner also suffered from untreated Attention Deficit Hyperactivity Disorder (A.D.H.D.). (See Sealed Exhibits to Petitioner's Supplemental Brief of December 13, 2009, Exh. A-Letter from Northland Clinic; Exh. B-DPS Records [this Court's Dkt. # 31]. The AEDPA's limitations period can be equitably tolled if a habeas petitioner can make a factual showing of a mental incapacity. *See e.g. Lawrence v. Florida,* 549 U.S. 327, 337 (2007). In the present case, petitioner's long term learning disabilities and A.D.H.D., when coupled with the following circumstances, impeded petitioner's ability to timely file his habeas petition.

First, at least six months of the one year limitations period may have been eaten up due to petitioner's confusion about his appellate rights. At petitioner's re-sentencing on May 3, 2004, the trial judge advised petitioner of his appellate

rights. However, at the conclusion of her remarks, the trial judge stated to petitioner's counsel: "You have 42 days in which to notify the court you wish to appeal, counsel. Is there anything else?" (Tr. 5/3/2004, p. 18).

A person of ordinary intelligence, let alone a person like petitioner who had long term learning disabilities and suffered from A.D.H.D., could easily assume from these remarks that it was counsel's responsibility, and not petitioner's, to file a claim of appeal in this case. Because the trial court's advice about petitioner's appellate court rights was confusing, petitioner should be entitled to equitable tolling, particularly in light of his cognitive difficulties.

Secondly, petitioner represented himself *pro se* in his application for leave to appeal to the Michigan Supreme Court on his first post-conviction motion and in his subsequent post-conviction motion that he filed with the trial court and the Michigan Court of Appeals. Although the Sixth Circuit has now ruled that a successive motion for relief from judgment is not a properly filed post-conviction application that would toll the limitations period, this Court notes that at the time that petitioner filed his second motion for relief from judgment with the state courts, the Sixth Circuit had held that a successive state post-conviction petition could toll the limitations period. See *Palmer v. Carlton,* 276 F. 3d 77, 7797 (6th Cir. 2002)(*s*uccessive state postconviction petition which was submitted to court and accepted in compliance with applicable Tennessee regulations was "properly

filed," so that one-year limitations period applicable to petitioner's subsequent federal habeas corpus petition was tolled during pendency of petition). This Court had specifically ruled in a published opinion that a successive motion for relief from judgment, even if it is barred under M.C.R. 6.502 (G)(1), would toll the limitations period pursuant to § 2244(d)(2). *See Brown v. Burt,* 224 F. Supp. 2d 1152, 1155-56 (E.D. Mich. 2002). Although there was one unpublished Sixth Circuit opinion to the contrary that was issued in 2010, as well as several unpublished district court cases that likewise concluded that a second motion for relief from judgment would not toll the limitations period, *See Williams,* 670 F. 3d at 735 (collecting cases), it was not until 2012 and in petitioner's case itself that the Sixth Circuit in a published decision concluded that a successive motion for relief from judgment cannot toll the limitations period.

Because the only published cases at the time that petitioner filed his second motion for relief from judgment suggested that such a successive motion for relief from judgment could toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2), petitioner should be entitled to equitable tolling, because he could easily have been lulled by these decisions into believing that the statute of limitations would remain tolled while his second motion for relief from judgment remained pending in the state courts. Equitable principles dictate that a court should equitably toll the AEDPA's statute of limitations in the rare case where a

petitioner relies on a legally erroneous holding in determining when to file a federal habeas petition. *See Harris v. Carter*, 515 F.3d 1051, 1057 (9th Cir. 2008); *See also Nedds v. Calderon,* 678 F.3d 777, 782 (9th Cir. 2012)(federal habeas petitioner's tactical decision to delay in filing his federal petition, in good-faith reliance upon then-binding circuit precedent that was later overturned, qualified as extraordinary circumstance required for equitable tolling of one-year limitations period).

Further buttressing petitioner's confusion as to whether his second motion for relief from judgment would toll the limitations period is how the Wayne County Circuit Court and the judge treated this second motion. M.C.R. 6.502 (G) states the following:

> (1) Except as provided in subrule (G)(2), regardless of whether a defendant has previously filed a motion for relief from judgment, after August 1, 1995, one and only one motion for relief from judgment may be filed with regard to a conviction. *The court shall return without filing any successive motions for relief from judgment*. A defendant may not appeal the denial or rejection of a successive motion.
>
> (2) A defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *The clerk shall refer a successive motion that asserts that one of these exceptions is applicable to the judge to whom the case is assigned for a determination whether the motion is within one of the exceptions.*
>
> M.C.R. 6.502(G)(Emphasis added).

In the present case, although petitioner's second motion did not allege any of the exceptions contained within M.C.R. 6.502(G)(2) that would permit the filing of a second motion for relief from judgment, the Wayne County Circuit Court did not return without filing petitioner's motion. Instead, the circuit court accepted the motion for filing and referred it to the trial judge. The judge entered an order denying the motion. Under these circumstances, petitioner could have reasonably believed that his second motion for relief from judgment was properly filed, so as to equitably toll the limitations period. The Sixth Circuit, in remanding this matter back to this Court, even suggested that the trial judge's issuance of a formal order rejecting petitioner's second motion for relief from judgment in this case could possibly have lead petitioner into believing that his second motion was properly filed, so as to justify the equitable tolling of the limitations period. *See Williams,* 670 F. 3d at 736.

Finally, once the Michigan Court of Appeals rejected petitioner's second post-conviction motion on October 26, 2007, petitioner exercised reasonable diligence in filing his habeas petition with this Court on December 13, 2007. "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland,* 130 S. Ct. at 2565 (internal quotations omitted).

In the present case, petitioner's history of long standing learning disabilities

and untreated A.D.H.D., when coupled with the confusing appellate advice that he received from the trial judge at his re-sentencing, the law in place at the time of petitioner's second motion for relief from judgment which suggested that a successive motion for relief from judgment would toll the limitations period, as well as the manner in which the second motion was adjudicated by the trial court, support the equitable tolling of the limitations period. *See Jones v. U.S.,* 689 F. 3d 621 (6th Cir. 2012)(equitable tolling was warranted of one-year period to file motion to vacate after defendant learned of the Supreme Court's decision in *Begay v. U.S.*, under which his prior conviction for reckless homicide under Kentucky law was not a violent felony within the meaning of the Armed Career Criminal Act (ACCA); defendant did not learn of the Supreme Court's holding in *Begay* for a year due in large part to a series of prison transfers immediately before the case was announced that separated him from his legal materials and made it difficult for him to acquire access to new legal information from other prisoners, he was partially illiterate and must rely on other prisoners for knowledge of changes in the legal landscape, and he filed motion to vacate within two months of learning of his new right).

This Court concludes that petitioner has demonstrated that there are extraordinary circumstances in his case that justify the equitable tolling of the AEDPA's one year limitations period, rendering his habeas petition timely filed.

Moreover, for the reasons stated by this Court in its original opinion and order of February 26, 2010, this Court will again grant an unconditional writ of habeas corpus to petitioner, on the ground that petitioner was constructively denied the assistance of counsel at his probation revocation hearing on his 2004 unarmed robbery conviction.

## III. ORDER

Based on the foregoing, the Court:

(1) GRANTS Petitioner's Motion for Equitable Tolling [Dkt. # 3](See also Supplemental Brief Requesting Equitable Tolling of the Statute of Limitations [Dkt. # 54]);

(2) DENIES respondent's motion to dismiss on statute of limitations grounds [Dkt. # 9], and,

(3) UNCONDITIONALLY GRANTS the Petition for Writ of Habeas Corpus. Petitioner is ordered discharged from custody immediately with respect to his 2004 conviction for unarmed robbery.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated: October 2, 2012

---

**CERTIFICATE OF SERVICE**

I hereby certify on October 2, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 2, 2012: **None.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182